UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CAROLYN SIOUX GREEN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>　　　　　Defendants. | CASE NO. 2:21-CV-1276-RAJ-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: November 19, 2021 |

　　Plaintiff Carolyn Sioux Green, proceeding *pro se*, filed this action alleging violations of her constitutional rights. *See* Dkt. 1. The District Court referred this action to United States Magistrate Judge David W. Christel. Dkt. 8. Currently before the Court is Plaintiff's Motion to Recuse. Dkt. 12.

　　In the Motion, Plaintiff requests the Honorable Richard A. Jones, the District Judge assigned to this case, and the undersigned, the Honorable David W. Christel, the Magistrate Judge referred on this case, voluntarily recuse themselves so that this case may be reassigned pursuant to Local Civil Rule 3(g). Dkt. 12.[1] Plaintiff states Judge Jones and Judge Christel have

---

[1] Plaintiff seeks "recusal" pursuant to Local Civil Rule 3(g) because her case is related to previously-filed cases. Dkt. 12. As Plaintiff does not seek recusal pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, the Court finds Local Civil Rule 3(f) is not applicable. Accordingly, the Court finds it is not necessary to make a determination regarding whether to recuse voluntarily nor necessary to refer the Motion to the chief judge.

no knowledge of her case. Plaintiff states that the Honorable Benjamin H. Settle and the Honorable James L. Robart have knowledge of this case because they presided over previously-filed cases that are related to the above-captioned case. *Id*. She, therefore, requests this case be reassigned to Judge Settle or Judge Robart. *Id*. As Plaintiff is seeking "recusal" because she believes her case is related to previously-filed cases, the Court interprets the Motion as a request for reassignment, not a motion to recuse.

For the reasons discussed below, the Court finds Plaintiff's case does not warrant reassignment as a related case. Accordingly, the Court recommends Plaintiff's Motion to Recuse (Dkt. 12) be denied.[2]

## I.  Discussion

Plaintiff requests Judge Jones and Judge Christel recuse themselves because her case is related to her previously-filed cases. Dkt. 12. Plaintiff also objects to this case being referred to Judge Christel because she declined consent to a United States Magistrate Judge. *Id*.

First, Plaintiff requests Judge Jones and Judge Christel voluntarily recuse themselves because they have no knowledge of her case. Plaintiff requests this case be reassigned to Judge Settle as he has the most knowledge of her case because Judge Settle presided over *Green v. State of Washington, et al.*, Civil Case No. 3:20-cv-6112-BHS ("*Green I*"). In the alternative, Judge Robart has knowledge of her case because he presided over *Green v. United States Coast Guard, et al.*, Civil Case No. 2:20-cv-1804-JLR ("*Green II*").

*Green I* was removed from the Washington State courts to the Western District of Washington on November 12, 2020. On September 13, 2021, Judge Settle granted Plaintiff's

---

[2] While the Court has interpreted Plaintiff's Motion as a request for reassignment, Plaintiff has requested Judge Jones voluntarily recuse himself and has requested that this case not be referred to a Magistrate Judge. Therefore, the undersigned is entering a Report and Recommendation, not an order.

motion for voluntary dismissal and the case was closed. *See Green I*, 3:20-cv-6112-BHS at Dkt. 119. *Green II* was removed from the Washington State courts to the Western District of Washington on December 14, 2020. On February 5, 2021, Judge Robart dismissed the case for lack of subject matter jurisdiction and the case was closed. *See Green II*, 2:20-cv-1804-JLR at Dkt. 23.

Under Local Civil Rule 3(g)(4), "[a]n action is related to another when (A) the actions concern substantially the same parties, property, transaction, or event; and (B) it appears likely that there will be an unduly burdensome duplication of labor and expense or the potential for conflicting results if the cases are conducted before different judges." While *Green I* and *Green II* involve the same Plaintiff and similar defendants as the above-captioned case, *Green I* and *Green II* have resolved in dismissals without prejudice. Because *Green I* and *Green II* have resolved, Plaintiff has not shown, and the Court does not find, there will be an unduly burdensome duplication of labor or expense on the Court or the parties or that conflicting results will occur if the above-captioned case is assigned to a different judge. The Court also notes different judges presided over *Green I* and *Green II* without issue. For these reasons, the Court finds the above-captioned case is not sufficiently related to *Green I* or *Green II* to warrant reassignment to Judge Settle or Judge Robart. Therefore, the Court recommends Plaintiff's request that this case be reassigned be denied.

Second, Plaintiff objects to this case being referred to the undersigned. Dkt. 12. Plaintiff states she declined to consent to a Magistrate Judge and, for that reason, Judge Christel should be "recused" from this case. Pursuant to Amended General Order No. 02-19, if consent is declined by any party, the case is assigned to a randomly selected District Judge and all preliminary matters, including issuing a Report and Recommendation on dispositive motions, are referred

back to the Magistrate Judge under 28 U.S.C. § 636(b). Here, a party declined consent to a Magistrate Judge, this matter was assigned to Judge Jones, and all preliminary matters have been referred to Judge Christel. Plaintiff's objection to this matter being referred to the undersigned because she declined to have this matter proceed before a Magistrate Judge is unfounded.

## II. Conclusion

For the above stated reasons, the Court finds Plaintiff has not shown the above-captioned case is sufficiently related to *Green I* or *Green II* to warrant reassigning this case to Judge Settle or Judge Robart. Furthermore, as Plaintiff's case is not assigned to a Magistrate Judge, the Court finds Plaintiff's objection to the Court's referral process is unfounded. Accordingly, the Court recommends Plaintiff's Motion to Recuse (Dkt. 12) be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on November 19, 2021, as noted in the caption.

Dated this 1st day of November, 2021.

*[signature]*

David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4