UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CAROLYN SIOUX GREEN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES OF AMERICA, et al,<br><br>　　　　　Defendants. | CASE NO. 2:21-CV-1276-RAJ-DWC<br><br>ORDER DECLINING TO VOLUNTARILY RECUSE |

Plaintiff Carolyn Sioux Green filed this action alleging violations of her constitutional rights. *See* Dkt. 1. The District Court referred this action to United States Magistrate Judge David W. Christel. Dkt. 8. Currently before the Court is Plaintiff's Motions for Reassignment/Recusal, Objection to a Ruling & Order in Dkt. 40. Dkt. 41. After review of Plaintiff's Motion (Dkt. 41) and the relevant record, the undersigned declines to recuse himself. Plaintiff has also requested the Honorable Richard A. Jones recuse himself. Therefore, the undersigned refers the Motion to Judge Jones for a decision on the request for him to recuse himself.

I.   **Discussion**

Pursuant to Local Civil Rule ("LCR") 3(f), whenever a motion to recuse is filed pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, "the challenged judge will review the motion papers and decide whether to recuse voluntarily."

A judge of the United States shall disqualify himself in any proceeding in which his impartiality "might reasonably be questioned." 28 U.S.C. § 455(a). A federal judge also shall disqualify himself in circumstances where he has a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. *Id*. at §455(b)(1). 28 U.S.C. § 144 states:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists.

28 U.S.C. § 144.

Under both 28 U.S.C. §144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir.1992); *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir.1980). In *Liteky v. United States*, 510 U.S. 540 (1994), the United States Supreme Court further explained the narrow basis for recusal:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep seated favoritism or antagonism that would make fair judgment impossible. Thus,

       judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

510 U.S. at 555.

       Here, Plaintiff contends the undersigned should recuse himself because the undersigned identified Plaintiff as proceeding *pro se* and because the undersigned does not have authority to hear motions in this matter. Dkt. 41. Plaintiff also seeks reassignment to a different judge as she believes this case is related to previously filed cases. *Id*. Plaintiff appears to base her assertion that the undersigned is biased on judicial rulings, which, as stated above, "almost never constitute[s] a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. The undersigned makes rulings in each case based upon the issues presented by the parties or upon an independent review by the Court and has no personal bias or reason to be partial to one side or the other in this matter. Further, this case was properly referred to the undersigned pursuant to Amended General Order No. 02-19. *See also* MJR 1, 3-4, 6. Plaintiff has not shown recusal is warranted or shown a reasonable person could question this Court's impartiality. Accordingly, the undersigned will not recuse himself voluntarily from this case.

## II.     Conclusion

       Based on the foregoing reasons, this Court finds there is no reasonable basis for a voluntary recusal in this matter. Therefore, the undersigned declines to recuse himself voluntarily.

       Plaintiff also seeks the recusal of Judge Jones. Therefore, the Motion is referred to Judge Jones for a decision on the request for Judge Jones to recuse himself. The Clerk is directed to place the Motion (Dkt. 41) on Judge Jones' calendar. If Judge Jones declines to recuse himself, the undersigned recommends Plaintiff's Motion (Dkt. 41), this Order, and any order issued by Judge Jones be referred to Chief Judge Martinez in accordance with Local Civil Rule 3(f).

The Clerk is also directed to send a copy of this Order to Plaintiff and to the Honorable Richard A. Jones.

Dated this 10th day of February, 2022.

*David W. Christel*
David W. Christel
United States Magistrate Judge

ORDER DECLINING TO VOLUNTARILY RECUSE - 4