HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CAROLYN SIOUX GREEN,

    Plaintiff,

  v.

UNITED STATES OF AMERICA, et al.,

    Defendants.

Case No. 2:21-cv-1276-RAJ-DWC

ORDER

## I. INTRODUCTION

This matter is before the Court on Plaintiff's motion for recusal. Dkt. # 41. The District Court had referred this action to United States Magistrate Judge David W. Christel. Dkt. # 8. In the pending motion, Plaintiff requests recusal of both Judge Christel and the undersigned. Judge Christel declined to recuse himself and referred the motion to the undersigned for a decision on the request to recuse himself. Dkt. # 44. Having considered the issue and prior related briefing, the undersigned declines to recuse

ORDER – 1

himself and refers the motion to the chief judge or the chief judge's designee pursuant to the Local Civil Rules. *See* Local Rule W.D. Wash. 3(f).

## II.   LEGAL STANDARD

Pursuant to 28 U.S.C. § 455(a), a "judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." *See also Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir. 1993) (holding that recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned"). Federal judges must also disqualify themselves in circumstances where they have "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1).

A determination of impartiality or bias is based on an objective inquiry into whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992); *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir. 1980). The inquiry is not driven by "[c]onclusions, rumors, beliefs and opinions" as those "are not sufficient to form a basis for disqualification." *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992) (citations omitted); *see also United States v. DeTemple*, 162 F.3d 279, 287 (4th Cir. 1998) ("a reasonable outside observer is not a person unduly suspicious or concerned about a trivial risk that a judge may be biased"). Instead, a reasonable person is "someone who 'understand[s] all the relevant facts' and has examined the record and law." *United States v. Holland*, 519 F.3d 909, 914 (9th Cir. 2008) (quoting *LoCascio v. United States,* 473 F.3d 493, 496 (2d Cir. 2007)).

When a motion to recuse is filed pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, "the challenged judge will review the motion papers and decide whether to recuse voluntarily." Local Rule W.D. Wash. 3(f). If the judge decides not to recuse, the judge will direct the clerk to refer the motion to the chief judge. *Id.*

ORDER – 2

### III.   DISCUSSION

Plaintiff seeks recusal of Judge Christel and the undersigned with the objective of "reassigning to the judge with the most time on the sufficiently similar and substantially interconnected related cases pursuant to LCR 3(g), for the Hon. Chief Judge Martinez to make a fair determination." Dkt. # 41 at 2.  The Court had previously adopted Judge Christel's report and recommendation, Dkt. # 21, interpreting Plaintiff's prior motion for recusal, Dkt. # 12, as a motion for reassignment based on Plaintiff's arguments and cited statutes.  Dkt. # 40.  In the prior recusal motion, Plaintiff moved to reassign the case to the Honorable Benjamin H. Settle or the Honorable James L. Robart based on their familiarity with Plaintiff's prior cases.  Dkt. # 12 at 1-2.  Because both cases had been dismissed and closed, the Court found that the above-captioned case is not sufficiently similar to the prior cases filed by Plaintiff under Local Civil Rule 3(g)(4).  Dkt. # 21 at 3. The Court therefore concluded that reassignment was unwarranted and denied the request.  Dkt. # 21 at 3; Dkt. # 40.

In the pending motion, Plaintiff again seeks to reassign the case and recuse both Judge Christel and the undersigned.  Dkt. # 41.  With respect to the undersigned, Plaintiff provides no facts or claims to support allegations of impartiality or bias.  Plaintiff claims that she has "*legal standing* for an authentic genuine complaint filed in this Court where the current judges show to be bias [sic] or prejudice towards a legitimate Plaintiff filing in good faith . . ."  *Id.* at 1-2 (emphasis original).  Beyond this statement, she fails to set forth any basis for disqualification based on impartiality, personal bias, prejudice concerning a party, or personal knowledge of disputed evidentiary facts related to the proceeding.  For these reasons, the undersigned finds no reasonable basis for a voluntary recusal and thus declines to recuse himself.

### IV.   CONCLUSION

For the foregoing reasons, the undersigned declines to voluntarily recuse himself. In accordance with the Court's Local Civil Rules, *see* Local Rule W.D. Wash. 3(f), the

ORDER – 3

Court directs the Clerk to refer the motion to the Honorable Chief United States District Judge Ricardo S. Martinez or the Chief's designee.

DATED this 28th day of February, 2022.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 4