UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CAROLYN SIOUX GREEN,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | CASE NO. C21-1276-RAJ-DWC<br><br>ORDER ON REVIEW OF MOTION FOR RECUSAL |

On January 31, 2022, Plaintiff Green filed a Motion seeking the recusal of Magistrate Judge Christel and District Judge Jones in this matter. Dkt. #41. Judge Christel declined to recuse, Judge Jones declined to grant the requested relief, and, in accordance with this Court's Local Rules, that decision was referred to the Chief Judge for review. *See* Dkt. #44; Dkt. #46; LCR 3(f).

A judge of the United States shall disqualify herself in any proceeding in which her impartiality "might reasonably be questioned." 28 U.S.C. § 455(a). Federal judges also shall disqualify themselves in circumstances where they have a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b)(1). Pursuant to 28 U.S.C. § 144, "whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the

matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." "[A] judge's prior adverse ruling is not sufficient cause for recusal." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986); *see also Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993) ("To warrant recusal, judicial bias must stem from an extrajudicial source.").

Plaintiff seeks recusal of Judges Christel and Jones with the objective of "reassigning to the judge with the most time on the sufficiently similar and substantially interconnected related cases pursuant to LCR 3(g), for the Hon. Chief Judge Martinez to make a fair determination." Dkt. # 41 at 2. Judge Jones has previously found that transfer to Judges Settle or Robart, who have handled Plaintiff's prior cases, was not warranted because those cases are closed and because this case is not sufficiently similar to the prior cases. This or any other prior adverse ruling is not sufficient cause for recusal. *See Studley, supra*.

The Court agrees with Judge Jones and finds that Plaintiff has failed to present any reasonable basis to grant the requested relief.

Accordingly, the Court hereby finds and ORDERS that Judges Christel and Jones's refusal to recuse themselves from this matter is AFFIRMED.

DATED this 10th day of March, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE