UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

CAROLYN SIOUX GREEN,

Plaintiff,

v.

UNITED STATES OF AMERICA, et al,

Defendants.

CASE NO. 2:21-CV-1276-RAJ-DWC

REPORT AND RECOMMENDATION

Noting Date: July 29, 2022

The District Court referred this action to United States Magistrate Judge David W. Christel. Dkt. 8. Presently pending before the Court is Defendants United States of America, United States Coast Guard, and United States Department of Veterans Affairs' Motion to Dismiss (Dkt. 42) and Plaintiff Carolyn Sioux Green's Motion to Joinder Defendant Doe-Providence St. Peter Hospital (Dkt. 48), Motion to Reopen Case No. 3:20-cv-06112-BHS and Motion to Consolidate (Dkt. 49), Motion for Reasonable Accommodations (Dkt. 195), and Motion for Leave to Amend to Add Defendant Doe-1 Providence St. Peter Hospital with a Motion to Extend Time (Dkt. 215). After consideration of the relevant record, the Court concludes Plaintiff's claims were filed beyond the statute of limitations periods. Further, Plaintiff has not alleged facts sufficient to show the limitations period should be tolled. Accordingly, the undersigned recommends Defendants' Motion to Dismiss (Dkt. 42) be granted, Plaintiff's Motions (Dkts. 48, 49, 195, 215) be denied, and this case be dismissed with prejudice.

## I. Background

In the Amended Complaint, Plaintiff alleges claims of discrimination, sexual harassment, retaliation, and equal protection and due process violations against the United States Coast Guard ("Coast Guard") arising from conduct that occurred in 1994 and 1995 while Plaintiff was an active-duty member of the Coast Guard. *See* Dkt. 30. Plaintiff also alleges violations of Title II of the Americans with Disabilities Act ("ADA"), the Eighth and Fourteenth Amendments, and the Federal Torts Claim Act ("FTCA") related to medical treatment she received from the Department of Veterans Affairs ("VA") in 2001. *Id.*

On September 20, 2021, Plaintiff, proceeding *pro se*, initiated this lawsuit. Dkt. 1. Defendants filed the Motion to Dismiss on February 7, 2022, alleging Plaintiff's claims are barred by the relevant statutes of limitations. Dkt. 42. Defendants also assert Plaintiff's claims against the Coast Guard should be dismissed because the United States has not waived its sovereign immunity, the Court lacks jurisdiction over Plaintiff's claims against the Coast Guard and the VA, and Plaintiff has not stated a negligence claim against the VA. *Id.* Plaintiff filed her Response on April 5, 2022, and, on April 15, 2022, Defendants filed a Reply. Dkts. 186, 192

## II. Oral Argument

Plaintiff requested oral argument. Dkt. 186 (response caption). The Court has reviewed the Motion, Response, and Reply and the relevant record and has determined oral argument is unnecessary. Therefore, the Court recommends this matter be decided without oral argument.

## III. Standard of Review

A defendant may move for dismissal when a plaintiff "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To grant a motion to dismiss, the Court must be able to conclude that the moving party is entitled to judgment as a matter of law, even after

accepting all factual allegations in the complaint as true and construing them in the light most favorable to the non-moving party. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). To survive a motion to dismiss, a plaintiff must merely cite facts supporting a "plausible" cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009). A court may grant dismissal based on the statute of limitations "only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999) (citation and quotation marks omitted). Although the Court must accept as true a complaint's well-pleaded facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion. *Vasquez v. L.A. County,* 487 F.3d 1246, 1249 (9th Cir. 2007).[1]

## IV. Discussion

### A. *Statute of Limitations*

Defendants assert Plaintiff's claims are barred by the applicable statutes of limitations. Dkt. 42. There are several statutes of limitations in this case. As to Plaintiff's *Bivens* (allegations related to constitutional violations of a federal actor) and ADA claims, the law of the forum state determines the statute of limitations. *See Papa v. United States,* 281 F.3d 1004, 2009 (9th Cir. 2002) (*Bivens*); *Pickern v. Holiday Quality Foods, Inc.*, 293 F.3d 1133, 1137 n. 2 (9th Cir. 2002) (ADA). Under Washington law, Plaintiff had three years from the date her claim accrued to file

[1] Defendants move for dismissal pursuant to Rule 12(b)(1) and 12(b)(6). Dkt. 42. The Court finds this matter can be decided based on the statute of limitations argument, which was raised under 12(b)(6). Therefore, the Court finds it unnecessary to discuss the Rule 12(b)(1) legal standard.

*Bivens* and ADA claims. *See Syvyy v. Wawrzycki*, 2010 WL 2545452, at *3 (W.D. Wash. June 21, 2010) (three-year statute of limitations to file *Bivens* action in Washington State); *Fair Housing Council of Oregon v. Cross Water Development, LLC*, 2009 WL 799685, *3 (W.D. Wash. March 24, 2009) (finding the statute of limitations for an ADA claim brought in Washington is three years). Plaintiff had two years from the date her tort claims accrued to present the claims to the appropriate Federal agency. 28 U.S.C. § 2401(b). Finally, Plaintiff was statutorily required to file her Title VII claim within 90 days of the right to sue letter. *Edwards v. Occidental Chem. Corp.*, 892 F.2d 1442, 1445 (9th Cir. 1990) ("An action brought under Title VII must be filed within ninety days of receipt of a right to sue letter from the EEOC or appropriate state agency.").

In the Amended Complaint, Plaintiff alleges Defendants are liable for incidents that occurred in 1994-1995 (Coast Guard claims) and 2001 (VA claims). Dkt. 30. Plaintiff did not file this lawsuit until September of 2022, which was 27 years after the Coast Guard claims accrued and 21 years after the VA claims accrued. *See Aventa Learning, Inc. v. K12, Inc.*, 830 F. Supp. 2d 1083, 1095 (W.D. Wash. 2011) ("A cause of action accrues when the plaintiff knew or should have known all the facts underlying the essential elements of the action."). Plaintiff did not present her FTCA claim to the Coast Guard or VA until December 31, 2020. Dkt. 30 at 2. There is also no indication Plaintiff has received a right to sue later from the EEOC. *See* Dkt. 42. Therefore, Plaintiff did not initiate this lawsuit within the applicable limitations periods as to any of her claims. Plaintiff agrees this lawsuit was not timely filed, but asserts she is entitled to equitable tolling. Dkts. 30, 186.

B. *Tolling*

In the Amended Complaint, Plaintiff alleges she is entitled to equitable tolling because she was disabled and the Government concealed her claims. Dkts. 30, 186. As Plaintiff is alleging several types of claims, the Court must look to both federal and state laws regarding equitable tolling. *See e.g. Daviscourt v. United States*, 2021 WL 22111, at *2 (W.D. Wash. Jan. 4, 2021) (applying federal equitable tolling to FTCA claim); *Papa*, 281 F.3d at 1009 (applying forum state's tolling provisions for *Bivens* claim).

Under federal law, to invoke the doctrine of equitable tolling, Plaintiff must show (1) that she has been pursuing her rights diligently, and (2) that some extraordinary circumstances stood in her way. *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1052 (9th Cir. 2013), *aff'd and remanded sub nom. Kwai Fun Wong*, 575 U.S. 402. In Washington State, courts permit equitable tolling "when justice requires." *Millay v. Cam*, 135 Wash.2d 193, 206 (1998). "The predicates for equitable tolling are bad faith, deception, or false assurances by the defendant and the exercise of diligence by the plaintiff." *Id.* Courts "typically permit equitable tolling to occur only sparingly, and should not extend it to a garden variety claim of excusable neglect." *State v. Robinson*, 104 Wash.App. 657, 667 (2001) (internal quotations omitted).

Washington State also allows for a tolling period if a person is incompetent or disabled to such a degree that he or she cannot understand the nature of the proceedings. *See* RCW § 4.16.190; *see also Williams v. Holevinski*, 2006 WL 2167105, *2 (E.D. Wash. July 31, 2006). The Washington State Supreme Court has held that "RCW 4.16.190 has four factors plaintiffs must satisfy to toll the statute of limitations based upon incompetence or disability. Plaintiffs must show that (1) they are entitled to bring the action, (2) they are incapacitated at the time the cause of action accrues, (3) they are incompetent or disabled to the degree that they cannot understand the

nature of the proceedings, and (4) the incompetency or disability exists as 'determined according to chapter 11.88 RCW.'" *Rivas v. Overlake Hosp. Medical Center*, 164 Wash.2d 261, 268 (2008).

With respect to the fourth factor, a person is deemed "incapacitated" when she presents a significant risk of personal harm based upon a demonstrated inability to adequately provide for her nutrition, health, housing, or physical safety. RCW 11.88.010(1)(a); *see also Rivas*, 164 Wash.2d at 268. The determination of incapacity is a legal, not medical, determination. RCW 11.88.010(1)(c). "Age, eccentricity, poverty, or medical diagnoses alone shall not be sufficient to justify a finding of such incapacity." *Id.* "A plaintiff . . . carries the burden of proof if he alleges that the statute was tolled and does not bar the claim." *Pope v. McComas*, 2011 WL 1584213, at *7 (W.D. Wash. Mar. 10, 2011), *report and recommendation adopted*, 2011 WL 1584200 (W.D. Wash. Apr. 26, 2011).

Here, Plaintiff asserts she is entitled to equitable tolling because of her mental and physical impairments. Dkt. 30; *see also* Dkt. 186. Plaintiff has provided conclusory allegations that her mental and physical impairments have contributed to her inability to file this lawsuit. Dkt. 30. For example, Plaintiff alleges she was prescribed excessive drugs from 1996 to 2017. Dkt. 186 at 20. She contends that, during different periods over the last twenty years, the prescription drugs made it impossible for her to function. Dkt. 30 at 154, 255. She also states she was involuntarily hospitalized and medicated due to mental health impairments. Dkt. 30. Plaintiff does not sufficiently explain how any of these mental or physical impairments or drug uses made her unable to pursue this lawsuit. Plaintiff's general allegations of mental and physical impairments are insufficient to meet the high burden of showing she was unable to timely pursue these claims. Therefore, these allegations are insufficient to warrant equitable tolling. *See Benitez v. United States*, 2014 WL 2881452, at *9 (D. Haw. June 24, 2014) (finding no equitable tolling

where the plaintiff provided "no expert opinion that he was over-medicated or mentally incompetent to a degree that prevented him from recognizing his injury and its cause and timely filing a claim"); *McCall Wyo. Attorney Gen.,* 339 Fed. Appx. 848, 850, 2009 WL 1803281, at *2 (10th Cir. June 25, 2009) (denying equitable tolling on prisoner's assertion that his medication rendered him mentally incompetent, when he failed to explain how the medication "prevented him from bringing the claim," and observing that "mere allegations that [petitioner] was under the influence of medication" are insufficient to establish an extraordinary circumstance).

Moreover, Plaintiff's assertions that she was unable to file this lawsuit due to disabling impairments are belied by other allegations in the Amended Complaint. For example, Plaintiff was able to write a book that was published in 2020. Dkt. 186 at 19 (citing Case No. 3:20-CV-6112-BHS at Dkt. 50-33). Plaintiff attended Pierce Community College and the University of Washington from 2007 to 2014, with the assistance of a tutor. Dkt. 30 at 306. She had a photography business from 2014 to 2018 and planned a frozen cookie business. Dkt. 30 at 23; Dkt. 186 at 10; Dkt. 66 at 53 (2018 registration with the U.S. Patent and Trademark Office for mark for photography services); Dkt. 67 at 7 (2014 registration with the U.S. Patent and Trademark Office for mark for photography services); Dkt. 110-3 at 18 (certificate of formation for photography business dated September 22, 2014); Dkt. 110 (frozen cookie business evidence). These activities undermine Plaintiff's conclusory allegations that she could not function and was mentally incapacitated due to drug use. Plaintiff also stopped using morphine in 2017. Dkt. 30 at 208. Finally, Plaintiff filed for restoration of her firearm rights in August of 2019, showing she had the ability to pursue other claims. *Id*. at 309. This small sample of activities, as alleged in the Amended Complaint, contradict any conclusory allegations that

Plaintiff could not timely file this case or is unable to adequately provide for her nutrition, health, housing, or physical safety.

Plaintiff does not allege she has been declared an incompetent person by a Washington State superior court, been the subject of a guardianship petition in a Washington State superior court, or been appointed a guardian by a Washington State superior court.[2] *See* Dkt. 30. There are insufficient allegations in the Amended Complaint to show Plaintiff is disabled to such a degree that she cannot understand the nature of the proceedings. Plaintiff also fails to allege any facts showing she diligently pursued this case or that her mental and physical impairments were an extraordinary circumstance standing in her way of litigating this case. Thus, considering the Amended Complaint as a whole, Plaintiff has not shown she is entitled to equitable tolling due to her mental and physical impairments. *See Pamer v. Lucine*, 310 F. App'x 155, 156 (9th Cir. 2009) (finding the district court did not abuse its discretion in finding equitable tolling was not warranted where the plaintiff was able to engage in various activities during the time he contended he was physically and mentally unable to file suit); *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999) (explaining that equitable tolling is warranted "when extraordinary circumstances beyond the plaintiff's control made it impossible to file a claim on time" and proper where "overwhelming evidence" demonstrated that complainant was "completely" disabled during the relevant limitations period).

Plaintiff also appears to allege equitable tolling is warranted because the Defendants concealed information related to her claims. Dkt. 30. Plaintiff fails to allege facts sufficient to show Defendants' conduct prevented her from timely filing this lawsuit or that she was unaware

[2] The *Rivas* court noted "chapter 11.88 RCW provides the substantive definition of disability or incapacity for the purposes of tolling." 164 Wash.2d 270. Thus, the Court is not finding Plaintiff is required to show the state court made a determination that he was incapacitated under RCW 11.88 as of the date of the incident.

of the actions giving rise to this lawsuit because of Defendants' conduct. Therefore, the Court finds equitable tolling is not warranted based on Plaintiff's contention that Defendants concealed information from her. *See Blaylock v. First Am. Title Ins. Co.*, 504 F. Supp. 2d 1091, 1108 (W.D. Wash. 2007) (noting that equitable tolling focuses on excusable delay by the plaintiff and inquires whether a reasonable plaintiff would have known of the existence of a possible claim within the limitations period).

The allegations in the Amended Complaint, considered as a whole, fail to show Plaintiff is entitled to equitable tolling. Plaintiff has not diligently pursued her rights. Rather, since the alleged incidents occurred, Plaintiff has engaged in other activities, such as attending school, pursuing other claims, and running businesses. Plaintiff has also failed to allege facts sufficient to show her physical and mental impairments or Defendants' conduct amount to an extraordinary circumstance warranting equitable tolling. *See Daviscourt*, 2021 WL 22111 (finding a plaintiff's ability to actively engage in other activities prior to filing his claim and alleged mental impairments were not sufficient to show he was entitled to equitable tolling). Therefore, Plaintiff is not entitled to equitable tolling under either the applicable state or federal standards.

C. *Summation*

The Court is required to liberally construe pro se documents. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d).

Here, Plaintiff filed a 357-page Amended Complaint. Dkt. 30. Additionally, Plaintiff cites to more than one hundred exhibits she has filed separately from her Amended Complaint. *See id.* It has been difficult for the Court to glean what allegations lay hidden in the narration provided

by Plaintiff and "it is [P]laintiff's responsibility to make each claim clear and provide only a short statement of facts supporting [each] claim." *Henderson v. Scott*, 2005 WL 1335220, at *1 (E.D. Cal. May 4, 2005).

Here, the Court finds, and Plaintiff concedes, she did not file this lawsuit within the applicable limitations period. The Court has reviewed the pleadings and finds Plaintiff has not sufficiently pled facts, in a clear and concise manner, that show she is entitled to equitable tolling. Therefore, the Court finds the Motion to Dismiss should be granted and this case should be dismissed.[3]

Because Plaintiff concedes her claims are untimely and because the Court can conceive of no facts that could be plead to cure the deficiency resulting from Plaintiff's untimely filing, the Court recommends the dismissal be with prejudice. *See e.g. Gallardo v. United States*, 755 F.3d 860, 863 (9th Cir. 2014) (an FTCA claim is forever barred if it is not filed with the appropriate agency within two years).

## V. Pending Motions

In addition to the Motion to Dismiss, currently pending are four motions filed by Plaintiff. *See* Dkts. 48, 49, 195, 215. Plaintiff seeks leave to reopen a previous case and consolidate it with this case and she seeks leave to add Providence as a defendant in this case. Dkts. 48, 49, 215. The Court finds Plaintiff's claims are barred by the statute of limitations and equitable tolling is not warranted in this case. Plaintiff has not shown, nor does the Court find, Plaintiff can overcome the statute of limitations bar by reopening a previous case or amending the Amended Complaint with the proposed amendments. Therefore, the Court recommends the

---

[3] As the Court finds Defendants' Motion to Dismiss should be granted based on Plaintiff's failure to timely file this action, the Court declines to consider Defendants' remaining arguments.

Motion for Joinder (Dkt. 48), Motion to Reopen and Consolidate (Dkt. 49), and the Motion to Amend (Dkt. 215) be denied.

Plaintiff also filed a Motion requesting accommodations, such as additional time to file documents, because her of cognitive delays in processing. Dkt. 195. The Court finds Plaintiff had adequate time to respond to and did respond to the pending Motion to Dismiss. *See* Dkt. 186. If Plaintiff needs additional time to respond to specific documents filed in this case, she may file a motion. At this time, the Court recommends the Motion for Accommodations (Dkt. 195) be denied.

## VI. Conclusion

For the foregoing reasons, the Court recommends Defendants' Motion to Dismiss (Dkt. 42) be granted, Plaintiff's pending motions (Dkts. 48, 49, 195, 215) be denied, and this case be dismissed with prejudice. Plaintiff is directed to refrain from filing documents beyond a single objection to the Report and Recommendation that complies with Local Civil Rule 72.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). **Objections to this Report and Recommendation may not exceed twelve (12) pages. *See* LCR 72.** Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on July 29, 2022, as noted in the caption.

Dated this 11th day of July, 2022.

David W. Christel
United States Magistrate Judge