HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CAROLYN SIOUX GREEN,

    Plaintiff,

    v.

UNITED STATES OF AMERICA, *et al.*,

    Defendants.

Case No. 2:21-cv-1276-RAJ-DWC

**ORDER**

## I.    INTRODUCTION

THIS MATTER comes before the Court on Plaintiff Carolyn Sioux Green's Motion for Reconsideration ("Motion"). Dkt. # 258. This motion may be resolved without oral argument. *See* LCR 7(b)(4). Having reviewed the motion, record, and relevant law, the Court **DENIES** Plaintiff's Motion.

## II.    BACKGROUND

On September 20, 2021, Plaintiff filed a complaint against the United States of America, the United States Coast Guard, and the United States Department of Veterans Affairs ("Defendants"). Dkt. # 1. On November 25, 2021, Plaintiff filed a First Amended Complaint for Injunctive and Declaratory Relief and Damages ("Complaint"). Dkt. # 30.

ORDER – 1

1  Plaintiff alleges Defendants are liable for discrimination, sexual harassment, retaliation,
2  and equal protection and due process violations arising from conduct that occurred in
3  1994 and 1995 when Plaintiff was an active member of the Coast Guard. *Id.* Plaintiff also
4  alleges violations of Title II of the Americans with Disabilities Act, the Eighth and
5  Fourteenth Amendments, and the Federal Torts Claim Act related to medical treatment
6  administered in 2001 by the Department of Veterans Affairs. *Id.*

On February 7, 2022, Defendants filed a Motion to Dismiss to dismiss the Complaint with prejudice. Dkt. # 42. On July 11, 2022, the Honorable David W. Christel entered a Report and Recommendation ("R&R"), recommending that the Court, among other things, grant Defendants' Motion to Dismiss. Dkt. # 219. On October 7, 2022, the Court, having reviewed the R&R, Plaintiff's objections (Dkt. # 226-238, 240-246, 248-250), Defendants' response to Plaintiff's objections (Dkt. # 247), and the record, adopted the R&R and granted the Defendants' motion to dismiss with prejudice. Dkt. # 253.

On October 12, 2022, Plaintiff filed a Notice of Appeal to the Ninth Circuit. Dkt. # 255. Then, on October 22, Plaintiff filed a Motion for Reconsideration of the Court's order dismissing Plaintiff's claims. Dkt. # 258. On May 3, 2023, the Ninth Circuit indicated that Plaintiff filed a motion for a preliminary injunction on March 3, 2023. Dkt. # 276. The Ninth Circuit ordered that all appellate briefing and motions be held in abeyance pending this Court's resolution of Plaintiff's Motion for Reconsideration. *Id.* The Court addresses Plaintiff's request for reconsideration below.

### III. DISCUSSION

Motions for reconsideration are governed by Local Rule 7(h), which provides the following:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

ORDER – 2

Local Rules W.D. Wash. LCR 7(h)(1).  A motion for reconsideration must be filed within fourteen days after the order to which it relates is filed. LCR 7(h)(2).

In the Complaint, Plaintiff concedes that this lawsuit was not timely filed, but asserts that she is entitled to equitable tolling due to mental and physical impairments that prevented her from understanding the nature of the proceedings. Dkt. # 30 at 236.

Here, in the instant motion for reconsideration, Plaintiff again argues that equitable tolling should apply because Plaintiff experienced cognitive impairment and functional delays that prevented her from filing a timely complaint. Dkt. # 258 at 10, 13. However, Plaintiff's assertions that her incapacitation prevented her from filing this lawsuit are undermined by the fact that she wrote a book that was published in 2020 (Dkt. # 186 at 19), she attended college from 2007 to 2014 with the assistance of a tutor (Dkt. # 30 at 306), and she had a photography business from 2014 to 2018 and planned a frozen cookie business in 2001. Dkt. # 186 at 10; Dkt. # 66 at 53 (2018 registration with the U.S. Patent and Trademark Office for mark for photography services); Dkt. # 67 at 7 (2014 registration with the U.S. Patent and Trademark Office for mark for photography services); Dkt. # 110-3 at 18 (certificate of formation for photography business dated September 22, 2014); Dkt. # 110 (frozen cookie business evidence). Additionally, Plaintiff filed for restoration of her firearms rights in August of 2019, showing she had the ability to pursue other claims. Dkt. # 30 at 309. Plaintiff's ability to engage in these activities contradicts her prior conclusory allegations that she was incapacitated and unable to file this lawsuit.

Therefore, as previously ruled by this Court, Plaintiff still cannot show she is entitled to equitable tolling due to her mental and physical impairments. *See Palmer v. Lucine,* 310 F. App'x 155, 156 (9th Cir. 2009) (finding the district court did not abuse its discretion in finding equitable tolling was not warranted where the plaintiff was able to engage in various activities during the time he contended he was physically and mentally unable to file suit); *Daviscourt v. United States,* No. C20-720 RSM, 2021 WL 22111, at

ORDER – 3

*2 (W.D. Wash. Jan. 4, 2021) (finding a plaintiff's ability to actively engage in other activities prior to filing his claim and alleged mental impairments were not sufficient to show he was entitled to equitable tolling). Plaintiff fails to present new facts or legal authority compelling a different result. Plaintiff's motion for reconsideration, is therefore **DENIED**.

### IV.   CONCLUSION

Petitioner has failed to demonstrate manifest error in the Court's prior ruling or new facts or legal authority which could not have been brought to the Court's attention earlier with reasonable diligence. Therefore, the Court **DENIES** Plaintiff's Motion for Reconsideration, Dkt. # 258.

DATED this 31st day of July, 2023.

The Honorable Richard A. Jones
United States District Judge

ORDER – 4